UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS LUA, | No. 2:14-cv-2431-EFB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WILLIAM KNIPP, Warden, | |
| Respondent. | |

Petitioner, a state prisoner without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that the petition is second or successive and must therefore be dismissed.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

1  In the present action, petitioner challenges a judgment of conviction entered in the Sacramento County Superior Court on July 22, 2003, which resulted in a state prison sentence of 60 years to life. ECF No. 1 at 1 (referencing Sacramento Superior Court Case No. 02F09709). The court has examined its records, and finds that petitioner challenged the same conviction in an earlier action. In *Lua v. Martel*, No. 2:08-cv-213 (E.D. Cal.), the court considered petitioner's challenge to this 2003 conviction. *See Lua,* ECF. No. 14 (magistrate judge's June 5, 2008 findings and recommendations to dismiss petition as untimely); ECF No. 16 (district judge's July 15, 2008 order adopting findings and recommendations and dismissing petitioner's application for a writ of habeas corpus as untimely). The earlier filed petition was dismissed as untimely, which constitutes a decision on the merits. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("[D]ismissal of a habeas petition as untimely constitutes a disposition on the merits and [ ] a further petition challenging the same conviction [is] 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of habeas petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").

Since petitioner challenges the same judgment now that he previously challenged and which was adjudicated on the merits, the petition now pending is second or successive. Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition. Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Accordingly, it is hereby ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

/////
/////
/////

2

    Further, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  March 11, 2015.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE